(9 pages)

Mr. Richard Livingston
DIN 14-B-3634
Great Meadow Corr. Fac.
P.O. Box 51
Comstock, New York 12821
October 19, 2018

Hon. Daniel J. Stewart
Hon. Therese W. Dancks
United States District Court, N.D.N.Y.
Federal Building
100 S. Clinton Street
Syracuse, New York 13261



Re: Livingston v. City of Syracuse, et. al. (Defendants)
   7:15-CV-631 (TWD)
   Livingston v. Miller (Respondent)
   9:18-CV-00803 (BKS/DJS)

Dear Judges:
   I Richard Livingston Appearing Pro se As the Plaintiff in both of the Aforementioned Actions. The purpose of this motion letter in conjunction with the Hon. Dancks And the Hon. Stewart is moving to the Two courts requesting to #one; consolidate the Two Actions And requesting #Two; An expedited Review Given the Manifold of Factual claims And circumstances. The two Actions are solely based on common questions of law And Fact. In addition both Actions are related And coincide with each other. The section 1983 in pertinent part are the events leading to the Federal Habeas Corpus Petition Filed.
   As A threshold matter the Habeas Corpus Petition must be heard And decided First And Foremost As to not bar the 1983 claims For the purpose of
      Heck v. Humphrey 114 S.Ct. 2364.

1

## CONSOLIDATION:

This case lies at the intersection of the two most fertile sources of Federal-court prisoner litigation, 42 U.S.C § 1983 And the Federal Habeas corpus 28 U.S.C § 2254. Both provide Access to A Federal Forum For claims of unconstitutional treatment at the Hands of state officials, But differ in their scope And operation.

Here in the instant case in pertinent part involves A Police officer (Detective) who Filed False charges on Plaintiff in order to Substantiate An Arbitrary investigation. Although the Detective investigation work product produced Zero indictments As A result of A 18-22 Month long investigation, Plaintiff was still held Accountable by Syracuse Community Treatment Court "(SCTC)" Elements of the said investigation were used at sentencing to negatively influence SCTC in imposing A lengthy prison term on Plaintiff.

The Second Circuit insist that "Someone charged with A crime may only be convicted And punished if the state can prove guilt by A very demanding standard of proof, beyond A reasonable doubt".
As A threshold matter, A certified prima Facie showing of An indictment is hereby lacking. This alone demonstrates the state case did not rise to A Sufficient level of strength. Former Assistant DA. M. Ferrante Failure to present this case to the Grand Jury, Suggest He was well aware of the case And it's elements lacking Foundation, However, Ferrante in attempt to cover up the Detective's shortcomings And errors, Fraudulently introduced elements of this investigation to SCTC creating A strong presumption of Plaintiff being guilty, Hence, Poisoning the mind of SCTC persuading six-eight years imposed while dismissing the underlying Possession charges. Based on the Facts And circumstance, Ferrante knew these charges could not be sustained.

2

The ploy by Ferrante is obvious. Attempting to use SCTC As A vehicle to cover up the Detective's constitutional errors in order to help the Detective Avoid Civil And Criminal liability. Attempting to merge the new charges (Felonies), And drug Court plea together by satisfying (Dismissing). As A result of six-eight years imposed. In light this is A crafty cover-up.

Although Brady v. Maryland 83 Sct 1194 is implemented in the event of preparing for trial, A Sentencing proceeding is Just As relevant And important And must comply with Due process of law. Once Ferrante made mention of the underlying investigation And the Falsified charges that followed, Ferrante self-Activated his brady obligations. To make mention was unnecessary when Plaintiff was already Facing termination from drug court due to positive drug urine screens And missing A Appointment. Responsibility Accepted.

Here the reason why Plaintiff makes mention of brady material is because upon discovery And A Phone conference with Judge Dancks And Defendant's on 11/17/2017. The Def's openly admitted that the alleged drugs recovered 4.1 grams in which plaintiff was charged And Held Accountable, was not submitted to the Forensic chemistry laboratory For A Analysis Report to determine whether the substance recovered were in Fact Authentic. (iF Available see minutes of Phone conference).
Pursuant to the six Amendment of the U.S constitution, The Accuse has A right to An independent Analysis thereof. Plaintiff contends that this substance recovered could have been protein powder, Creatine or Soap.
Brady errors occurs only when Favorable undisclosed evidence is material when considered in light of the record As A whole.

3

Let us Assume that the Substance recovered was submitted to the labortory For Analysis to confirm it's Authenticity And it came back Negative. This in light can be veiwed As exculpatory evidence. Deliberately withholding such evidence is substantial, Particularly if the evidence is never uncovered. The same can be said if there was A Failure to submitt For expert Analysis to determine it's Authenticity such as the case at bar. So if this Action was not commenced And initiated by Plaintiff, A reasonable inference can be drawn that this Failure to get the substance expertly Analyzed would have remained uncovered.

It' is hard to believe that the DeFendant Detective allegedly recovered what Appeared to be drugs And did not Follow protocol And Forward Such evidence to the police lab For expert report. Thats equivalent to An officer Finding A corpse And Forgetting to call the coroner. It simply does not make sense. Especially when this Detective in the search warrant Application expressed How much of A Decorated officer He is with over 12 years of experience And over A hundred drug cases under his belt. Extremely ironic.

Once the case File is submitted to the Prosecutor, the chain is broken. The Prosecutor who receives the case File, examines it's contents And evidence, And then independently determines if this case warrants A dismissal or the case is strong enough to present to the Grand Jury For indictment. Apparently the case was unworthy of A Grand Jury Appearence. However, in order to shield And cover up the Detective Negligence, Drug Court was the perFect sports car. (Fast And clean get Away.)

The Supreme Court held "iF the omitted evidence creates A reasonable doubt that did not otherwise exist, A constitutional error has been committed". See U.S v. Agurs 96 Sct 2392.

4

Furthermore, in order for the sentencing proceeding to be Fair And impartial SCTC was required to conduct A inquiry of Sufficient depth in reference to the prosecutor's statements. The alternative was to at least give Plaintiff A opportunity to prove that the underlying New charges were Malicious or Merely baseless. Here at Sentencing, Due process was clearly ignored. SCTC Acted As A Rubber-stamp And abandoned it's role As A Referee. The Sentencing proceeding was substantially impaired. The Failure of SCTC to not question the strength of the evidence, And not allow Plaintiff to dispute allegations which lacked A indictment, violated Plaintiff's Due Process rights at sentencing.

    The legal process is A search For the truth. The courts is to seek Accurate results, reached by Fair And impartial procedures. Plaintiff is Suffering drastically more serious consequences, As A result of deliberate wrongdoing. Plaintiff was unfairly Subjected to greater punishment notwithstanding the Prosecutor inability to indict For which he suffered that punishment. (See Poventud v. City of NY 750F3d121). Plaintiff at An unfair sentencing Hearing suffered A much more serious punishment then he would have received from A Fair Sentencing proceeding, with all the Facts Known. By the Same token, however, Plaintiff must Accept the other outcome of the legal process — His conviction by plea of guilty of the offense of third degree possession. Plaintiff Can not Argue that he was wrongly charged or unfairly convicted of the plea of guilty entered April 22, 2013. But Plaintiff can certainly Argue that His punishment was procured And impacted on the basis of untrue Facts And material Assumption not admitted into evidence, And lacked A certified indictment, And that As A result of deliberately unfair And corrupted process Plaintiff was Forced to serve additional Hard years in prison.

5

Due process is that which comports with the deepest notions of what is Fair, Right And just.
A Reviewing Court that uses determinative Analysis determines whether A given error or event affected the Outcome of the sentencing proceedings.
If SCTC was not negatively influenced And persuaded by the Prosecutor's Flagrant distortion, SCTC would have rejected the Prosecutor's recommendation to impose Six-eight years And satisfy (Dismiss) New charges. Charges that lacked probable cause And that was subjected to Dismissal Anyway.

The courts must balance the benefits gained in judicial efficiency with the possible prejudice And confusion that would result from consolidation.
The only party prejudice will be Plaintiff if A consolidation is not granted. Given the facts And circumstance, The 1983 Action And the Habeas Corpus warrants A consolidation, Thus Plaintiff has demonstrated A substantial likelihood of Success on the merits.
Based on the aforementioned Facts And pursuant to Federal Rules of Civil Procedure 42;
Plaintiff is well in Bounds requesting And moving to the two courts for consolidation for both Actions.

### EXPEDITED REVEIW:
Pursuant to Fed R. Civ. Pro § 1; A case must be administered in such A way As "Secure the just, speedy and inexpensive determination of every Action And proceeding."
Plaintiff is scheduled to be released from prison September 19, 2019. The relief requested in the Habeas Corpus Petition is immediate release based on Multiple counts of Due process violations. Thus far, the considerable Delays should be attributed to the Defendant's And the respondent.

6

Plaintiff here begs the courts for the opportunity And the benefit of An expedited reveiw, given the facts And circumstances at the core of these Actions of Police And Prosecutorial Misconduct on it's face. Plaintiff has been incarcerated four years And still counting. Plaintiff in the course of His prison term has lost everything, including his girlfriend of 7 years. Plaintiff has lost relationship with His daughter And lost golden years to A point where He is A stranger to His only daughter. Although relief is not guaranteed, Plaintiff stands A good chance based on the facts And law in his favor. Plaintiff writing skills may not be As effective or up to A licensed attorney standards, but the gist is obvious And crystal clear. In fact Some of Plaintiff Arguments might be misplaced or Misconstrued, But in the course of filing these two Actions, Plaintiff has indeed checked all the right boxes And followed Federal procedure Accordingly. Plaintiff has submitted documentary evidence in support of his claims, Plaintiff has filed all papers timely And Plaintiff has substantially proven his claims. Plaintiff would not go to far And say that "all his claims will survive", but most Are Rock solid. Especially based on the Defendant's Summary Judgment motion which is scant And primarily reliance is Heck. Moreover, Defendant's failed to reply to Plaintiff's response to their own summary judgment motion. You would think that the party who has the last word holds the Advantage, But in light if the facts And laws Applied could not simply be rebutted, it is what it is......
Pursuant to Plaintiff's extensive research, this case And it's circumstance is rare in it's form. This case is monumental And will be the case in the future to make reference to And cite As case law. The new Heck.

7

Based on the facts and circumstances, this case demands precedence which involves state officials involved in a conspiracy of misconduct. Especially when Plaintiff is sitting in prison as a result. A Expedited reveiw is hereby warranted. Plaintiff begs this court for a expedited reveiw so he can get home to his family. Plaintiff is severely suffering in prison for being held accountable for a crime he did not committ and for a substance thats not confirmed to be drugs.

To be clear, Plaintiff is not requesting a 2 week expedited reveiw. Plaintiff is requesting a 90 day reveiw dated from respondent Answer, which is due by December 14, 2018. Respondent is entitled to at least one extension, which was granted. But in the event that the respondent will request a second extension, Plaintiff Here prematurely opposes such request. The office of the Attorney General is well equipped with a vast number of High power licensed Attorney's, paralegals and fancy computer software in which plaintiff as a Pro se litigant does not have access, there should be no plausible explanation for yet another extension beyond December 14, 2018.

In fact Plaintiff will go on record here and now to elect to relinquish his right to file a reply to respondent's Answer due by December 14, 2018, to speed the process. The court may deem the petition submitted in it's entirely, as soon as Respondent files it's Answer. Plaintiff is willing to sacrifice the advantage of the last word to gain the benefit of a 90 day expedited reveiw.

This course of action produces no prejudice for none of the parties involved in these actions. In fact by doing so Plaintiff has just shifted the advantage to respondent, while the respondent gets the opportunity to consult with the Defendants and

8

collaborate in attempt to convey some kinda argument - if any. Of course this is not your ordinary copy and paste type of case, and moreover it's difficult to oppose the constitutional law. Would conceding with Plaintiff be unusual? Well to deny misconduct by Ferrante would be tantamount of a continued pattern of committing Fraud on the court, when afterall Ferrante was terminated from the District Attorney's office for engaging in a plethora of instances of misconduct. And this instance of misconduct has yet to surface cause it's been tied up in court for the pass four years.

By bringing this letter motion addressed to both courts. The Plaintiff, Defendants and the Respondent receives the huge benefit of the meeting of the two great minds of Hon. Dancks and Hon. Stewart, giving both justices the opportunity to examine and analyze the two cases combined.
Given the facts submitted and the law applied, Plaintiff certainly meets the criteria for a expedited 90 day review and a consolidated consideration.
A sense of urgency is very well warranted when a innocent man is sitting in prison, owing to Police and Prosecutorial Misconduct.

                        Respectfully Submitted,
                        Richard Livingston, Pro se

Enclosures CC:
Hon. Therese W. Dancks.
Hon. Daniel J. Stewart.
Asst. Cor. Counsel Mr. Khalid Bashjawish.
Asst. Atty General Ms. Jodi A. Danzig.

                    DATED: October 19th, 2018

9.