UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD LIVINGSTON,

                Petitioner,

   v.
                                                            9:18-CV-0803
                                                              (BKS/DJS)

CHRISTOPHER MILLER, Superintendent,

                Respondent.

---

APPEARANCES:                                        OF COUNSEL:

RICHARD LIVINGSTON
14-B-3634
Petitioner, pro se
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821

HON. LETITIA JAMES                            JODI A. DANZIG, ESQ.
Attorney for Respondent                        Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

Petitioner Richard Livingston filed an application for release on bail pending habeas corpus review and, most recently, a request to expedite that motion. Dkt. Nos. 11, Application for Bail; Dkt. No. 35, Motion for Expedited Review. For the reasons that follow, petitioner's request for release on bail is denied.

## I. RELEVANT BACKGROUND

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Additionally, petitioner filed an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. Dkt. No. 2, IFP Application; Dkt. No. 3, Motion to Appoint Counsel. On July 16, 2018, this Court granted petitioner's IFP application, denied petitioner's motion to appoint counsel without prejudice, and directed respondent to answer the petition. Dkt. No. 5, Decision and Order dated 07/16/18 ("July Order").

On September 24, 2019, the Court received, and granted, respondent's request for an extension of time to answer the petition. Dkt. Nos. 7-8. On November 26, 2018, the Court received petitioner's application for bail. Dkt. No. 11. The Court set a response date to said motion for December 14, 2018. Text Notice Entry dated 11/26/2018.

On November 27, 2018, the respondent sought, and was granted, a second extension of time to file an answer and response to the bail application. Dkt. Nos. 12, 14. On December 6 and 28, 2018, the Court received additional submissions from petitioner in support of his application for bail. Dkt. Nos. 16-17. On January 25, 2019, respondent filed an answer and response to the bail application. Dkt. No. 20, Memorandum of Law in Opposition to the Petition and Application for Bail ("Resp. Memo."); Dkt. No. 21, Answer; Dkt. No, 22, State Court Records ("SCR"); Dkt. No. 23, Transcripts (T.). The Court provided petitioner with an opportunity to reply. Dkt. No. 25.

On February 6, 2019, the Court received, and granted, petitioner's request to file an oversized brief in reply to respondent's answer. Dkt. Nos. 26-27. Petitioner's reply was filed on February 25, 2019. Dkt. No. 28, Traverse. On the same day, petitioner filed a request for

an expedited review of his habeas petition and bail application. Dkt. No. 29. The Court denied the request and explained that matters are addressed in the order in which they are received and that, as the case was fully briefed, it would be decided in due course. Dkt. No. 30, Text Order dated 02/26/2019.

Petitioner then began filing letters requesting status updates on his bail application. Dkt. Nos. 31-34. On May 17, 2019, the Court received the presently pending request for expedited review of the bail application.

## II. PETITION

Petitioner challenges a judgment imposed by the Syracuse Community Treatment Court ("SCTC"), rendered in Onondaga County, on November 25, 2014.[1] Pet. at 1, 11;[2] Pet'r. Mem. at 3; *see also People v. Livingston*, 159 A.D.3d 1424 (4th Dep't 2018). The judgment was affirmed on direct appeal and, on May 30, 2018, the New York Court of Appeals denied leave to appeal. Pet. at 2-3, 20-23; *Livingston*, 159 A.D.3d 1424, *lv. denied*, 2018 WL 2939566 (N.Y. May 20, 2018)

Liberally construing the petition, petitioner contends that (1) his due process rights were violated when he was sentenced before the charges underlying the arrests were fully resolved, especially because some of the charges were ultimately dismissed; (2) there was prosecutorial misconduct evidenced by statements made during sentencing and the failure to disclose exculpatory evidence related to the criminal charges which arose while he was a

---

[1] On April 22. 2013, petitioner was enrolled in the SCTC as the result of a plea agreement in connection with a pending felony drug charge. Pet. at 6; Pet'r Mem. at 4. Petitioner was subsequently arrested, twice, and ultimately sentenced to six years incarceration plus post-release supervision. Pet. at 6, 9, 11; Pet'r Mem. at 3-4.

[2] Page citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

participant in drug court, and (3) there was legally insufficient evidence for the criminal charges lodged against him which were ultimately responsible for his termination from drug court and subsequent incarceration. Pet. at 6, 9, 11, 14; Pet'r Mem. at 3, 6-20. For a more complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

"[T]he standard for bail pending habeas litigation is a difficult one to meet: [t]he petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (internal quotation marks omitted). "In short, [the court asks whether] . . . this case is distinguishable from other habeas corpus cases[.]" *Jackson v. Bennett*, No. 1:01-CV-8971, 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002) (citing *Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) (quotations omitted)).

In this instance, petitioner contends that he is entitled to release on bail because he has presented due process arguments with a substantial probability of success. Dkt. No. 11 at 10; Dkt. No. 16 at 2. Specifically, petitioner contends that he was unfairly sentenced when the judge considered and relied upon charged criminal conduct, of which petitioner contends that he is innocent, as a reason supporting the length of petitioner's incarceration. Dkt. No. 11 at 4-8. Moreover, petitioner (1) has served the majority of his sentence and is only months away from his conditional release date; (2) has completed substance abuse and anger management programming; (3) has completed vocational training; (4) is a nonviolent offender, therefore is not a risk of flight or danger to the community; and (5) intends to use his release to pursue further treatment and employment. *Id.* at 9-10.

4

Respondent opposes petitioner's application because (1) petitioner's habeas petition does not raise substantial due process claims and (2) petitioner has failed to demonstrate extraordinary circumstances which justify the unusual remedy of bail. Resp. Memo. at 27-28.

Without determining the merits of the petition, the Court cannot conclude that petitioner's claims are so substantial as to justify the unusual remedy of granting bail. Petitioner admitted in his present motion that he repeatedly tested positive for various substances during his drug court tenure, was rearrested twice, and missed a court date. Dkt. No. 11 at 3; Dkt. No. 11-3 at 1. Petitioner acknowledges that "the sentencing judge undeniably could have sentenced the petitioner to a term of 12 years purely on the basis of the offense of conviction, without regard to the pending charges." Dkt. No. 11 at 8. However, petitioner argues that the judge's "reliance on the disputed [charged criminal] conduct . . . violated petitioner's Federal established constitutional right to due process of law." *Id.* During the sentencing hearing, the judge outlined petitioner's noncompliance as (1) a failed urinalysis testing positive for marijuana, alcohol, and cocaine on May 21 and June 17 of 2013; (2) a failed urinalysis testing positive for marijuana and cocaine on July 16, 2013; (3) a failed urinalysis testing positive for cocaine on December 1 and 25, 2013; (4) missing treatment twice per a report on May 1, 2014; (5) a new arrest on June 12, 2014; (6) a no show for petitioner's court date on July 17, 2014; (6) a failed urinalysis from July 18, 2014 and reports petitioner was not attending treatment; and (7) a new arrest on October 23, 2014. T. 105-107. The Court concluded that petitioner received several warnings which he did not heed and, therefore, resentencing was appropriate. T. 98, 111. Petitioner raised his due process claims on direct appeal, arguing that the two times he was rearrested during his drug court tenure were unlawful and inappropriate to use as aggravating sentencing factors.

5

SCR 129-171. The state courts "considered the contentions . . . and conclude[d] that none warrants reversal or modification of the judgment." *People v. Livingston*, 159 A.D.3d 1424, *lv. denied*, 31 N.Y.3d 1084 (2018). For the reasons outlined in respondent's memorandum of law, the Court agrees that petitioner's present motion does not seem to present evidence which establishes that the state court unreasonably (a) applied clearly established federal law or (b) determined the facts in light of the evidence presented; accordingly, despite petitioner's arguments to the contrary, petitioner has not substantially demonstrated entitlement to habeas relief.

Moreover, even if petitioner did establish a substantial probability of success, he has still failed to demonstrate extraordinary circumstances which justify relief. The fact that petitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance. *See generally Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and finding "nothing unusual" about petitioner's argument that, "if the habeas writ is granted, it will mean that his incarceration . . . would have been without basis," given that "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful"). Similarly, the fact that petitioner has served the majority of his sentence and is quickly approaching his conditional release date is unpersuasive to justify relief. *Jackson*, 2002 WL 126679, at *1 (holding that upcoming "eligib[ility] for parole . . . does not constitute an extraordinary circumstance warranting bail [because i]f it did, then every prisoner nearing the end of a term could bring a successful bail motion in connection with a habeas petition.") (internal quotation marks and citations omitted). Moreover, petitioner's participation in programming and vocational training is also insufficient to establish extraordinary circumstances. *Harris v. Allard*, No. 1:01-CV-7191, 2002 WL

6

31780176, at *4-*5 (S.D.N.Y. Dec. 11, 2002) (holding that while completion of treatment and vocational programming "may be relevant to a parole application in the future, they do not constitute extraordinary circumstances such that this case is distinguishable from other habeas corpus cases.").

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's application for bail (Dkt. No. 11) is **DENIED**. The Court again makes no determination regarding the merits of any of the claims raised in the petition; and it is further

**ORDERED** that to the extent petitioner seeks an expedited decision on his habeas petition, such requests are **DENIED**. The matter has been fully briefed and will be decided in due course; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[3] and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: May 29, 2019

Brenda K. Sannes
U.S. District Judge

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007).

7